(9 Misc. Rep. 492.)

### BIEL v. HORNER.

(Common Pleas of New York City and County, General Term. August 1, 1894.)

TROVER AND CONVERSION—WHEN LIES.

> One who surrenders bonds to another cannot maintain trover on refusal of such other to redeliver the bonds where there is no evidence that his possession, retention, or disposal of the bonds was tortious.

Appeal from fourth district court.

Action by Louis Biel against Edward H. Horner for conversion. A judgment in favor of plaintiff was rendered by the justice without a jury, and defendant appeals. Reversed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

John L. Lindsay, for appellant.
August P. Wagener, for respondent.

BISCHOFF, J. It appears that the plaintiff's assignor surrendered the bonds in suit to an agent of defendant, receiving in return a certificate, by the terms of which certain securities were to be delivered to the former upon payment of installments aggregating $300. It is to be gathered from the testimony of the plaintiff's assignor that the bonds so surrendered were understood to be received in part payment of the total number of installments, and it is admitted that no further payments were made by the said assignor upon the certificate. This action was brought for the conversion of the bonds surrendered as above, and judgment was rendered in favor of the plaintiff. While it would appear from the evidence relative to the nature of these instruments that they came within the rule of Kohn v. Koehler, 96 N. Y. 362, and therefore were not to be viewed as lottery tickets, yet it is unnecessary to decide the point, since the judgment cannot be sustained upon the pleadings and proof. Granting that the individual to whom the bonds were delivered was the agent of defendant, the evidence fails to establish the fact that the possession, retention, or disposal of the chattels thus attributable was in any way tortious. Plaintiff's assignor voluntarily parted with the bonds, receiving in return the certificate as above noted. No evidence is given as to any attempt upon her

part to obtain the benefits contemplated by the transaction. With a resulting failure there is no claim that misrepresentations in any way led to the exchange of her securities for the certificate received, and we have merely the fact that the transaction took place, and that a return of the bonds was subsequently demanded and refused. No remedy lies upon such a state of facts in an action for conversion.

Errors appear in rulings on the trial, but, in view of the conclusion reached by us upon the facts, it is unnecessary to discuss them. Judgment reversed, and new trial ordered, with costs to appellant to abide the event.